| | | |
|---|---|---|
| ERIC DALE TEAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| DAVID SHAWN CLARK, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed

pursuant to 42 U.S.C. § 1983, (Doc. No. 1).

I.    **BACKGROUND**

Pro se Plaintiff Eric Dale Teague filed this action in the Middle District of North Carolina

on November 27, 2013, and the Middle District transferred the action to this Court on July 15,

2014. (Doc. Nos. 1; 10). When Plaintiff filed this action, he was incarcerated at Piedmont

Correctional Institution in Salisbury, North Carolina. As of the date of this Order, however,

Plaintiff's stated residence is a private residence in Granite Falls, North Carolina.

In this action, Plaintiff names as Defendants Brenda Dunning, identified as the store

manager of a Total Convenient Mart on Highway 70 in Hickory, North Carolina; Angelo

Appalonia, identified as the owner of the Total Convenient Mart; Wayne Probst, identified as the

owner/operator of Hickory Sand Company in Hickory; and attorney David Clark, identified as

Plaintiff's defense counsel in various state criminal matters. (Doc. No. 1 at 2-3). Plaintiff first

alleges that sometime in November 2010, while he was inside the Total Convenient Mart in Hickory, the store manager Defendant Dunning called the police after falsely accusing Plaintiff of trying to cash a fake money order. (Id. at 3). Plaintiff alleges that police officers took the money order from Plaintiff and told him to leave the store. (Id.). Plaintiff alleges that two months later police officers arrested him and told him that he had three outstanding felony indictments against him. (Id.). Plaintiff alleges that he was released from custody after giving an "unsecured written promise" to show up for his court dates. (Id. at 4-5).

Plaintiff next alleges that on April 19, 2011, he was arrested for larceny and possession of stolen goods, but a jury subsequently found him not guilty. (Id.). Plaintiff alleges that Defendant Probst, the owner of Hickory Sand Company, lied about Plaintiff stealing things from Probst, resulting in Plaintiff being banned from the Mountain Recycling Company, presumably where Plaintiff was employed at some time. On May 22, 2011, Plaintiff called an officer "Lohr" and asked him to contact the Mountain Recycling Company and inform them that Plaintiff had been "released" from the charge of larceny and possession of stolen goods based on lack of probable cause. (Id.). The officer refused.

Plaintiff describes additional court dates in February and March 2012 based on unspecified criminal charges against him. Plaintiff alleges that in April 2012 his defense counsel Defendant Clark failed to inform Plaintiff of a date when he needed to show up for court, and Plaintiff was subsequently convicted on a felony charge of failure to appear. Plaintiff blames the failure to appear conviction on Defendant Clark's negligence.

Plaintiff does not identify any specific federal or constitutional right that Defendants allegedly violated by their conduct. Plaintiff appears to be attempting to bring claims for "false imprisonment," defamation, and negligence against Defendants. For requested relief, Plaintiff

seeks compensatory damages in the amount of $10,000.00 "for my being falsely arrested, loss of wages, and my means of income."  (Id. at 4).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

Section 1983 of Title 42 of the United States Code states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.  As its language indicates, Section 1983 applies only to persons acting under color of state law.  It is well settled that private actors are not persons acting under color of state law and, thus, cannot be held liable under § 1983.  See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  Here, according to Plaintiff's own allegations, all of the named Defendants were private actors at all relevant times.  Thus, these named Defendants are not proper defendants in this § 1983 action.  See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  To the extent that Plaintiff has state law claims against Defendants, the Court will

dismiss those claims without prejudice so that Plaintiff can pursue those claims in state court. In sum, for the reasons stated herein, the Court will dismiss this action in its entirety as to all Defendants.

## IV.     CONCLUSION

For the reasons stated herein, Plaintiff's Complaint will be dismissed without prejudice to Plaintiff to bring his purported state law claims against Defendants in state court.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** without prejudice to Plaintiff to bring his state law claims against Defendants in state court if he so wishes.

2. The Clerk is directed to terminate this action.

Signed: July 16, 2014

Frank D. Whitney
Chief United States District Judge